# Muir v. Alexander

C.P. of Centre County, no. 2003-898.

*Joseph P. Green,* for plaintiff.
*Scott C. Etter,* for defendant.
*Elliot A. Strokoff,* for intervenor.

GRINE, *J.,* January 26, 2004—Intervenor/appellant Carol J. Belas filed an appeal from this court's order of November 5, 2003, along with a supersedeas. The order granted plaintiff Muir et al.'s petition for review of public documents, the subject of which is an employment agreement between defendant and intervenor. The appeal has been forwarded to the Commonwealth's Superior Court, and intervenor has filed this supersedeas to prevent disclosure of the document until the appeal has been resolved. During the course of these proceedings, this court was given a copy of the document to review on an in-camera basis.

Petitioner/intervenor alleges that the documents to be disclosed by this court's November 5 order are from her confidential personnel files maintained by defendant, the Bald Eagle Area School District (BEASD), and that releasing these documents will violate her right to privacy and cause her irreparable harm. Plaintiff claims that these documents are public records to be disclosed under the provisions of the Pennsylvania Right to Know Law, 65

P.S. §66.1 et seq., as amended by Act 100 of 2002, and opposes the supersedeas.

In order to grant a supersedeas, or stay, during the pendency of an appeal, the petitioner must show four factors: (1) a strong showing that he is likely to prevail on the merits; (2) without the requested relief he will suffer irreparable harm; (3) the issuance of a stay will not substantially harm other interested parties in the proceedings; and (4) issuance of a stay will not adversely affect the public interest. *Pa. Public Utility Commission v. Process Gas Consumers Group,* 502 Pa. 545, 467 A.2d 805 (1983).

The court finds that petitioner/intervenor has not shown these factors to the satisfaction of the court to merit granting the supersedeas. The court has already found that the document at issue is a public document available for disclosure. Additionally, plaintiffs cite a recent case indicating that a settlement agreement is a public record for purposes of the Right to Know Law. *Tribune-Review Publishing Co. v. Westmoreland Cty. Housing Authority,* 574 Pa. 661, 833 A.2d 112 (2003). It is believed through information obtained from partial disclosure of the document at issue that the document is a settlement/termination agreement between defendant and petitioner/intervenor. Therefore, this court does not believe that petitioner/intervenor has made a strong argument that she will prevail on the merits of this case on her appeal.

Furthermore, petitioner/intervenor has not shown that she will suffer irreparable harm if the document's contents are revealed. In fact, petitioner/intervenor has not given any statements in testimony at any of the hearings held in this matter that would suggest that she will suffer

harm to her reputation or character if the document is disclosed.

For these reasons, the court denies petitioner/intervenor's petition for supersedeas.

## ORDER

And now, January 26, 2004, for the reasons stated above, it is ordered and decreed that petitioner/intervenor Belas' petition for supersedeas is hereby denied.